## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CRYSTAL NICOLE JONES,** *aka* **Chrystal Nicole Kuri,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 18-2173-CM-GEB<br>) |
| **OFFICE OF ADMINISTRATIVE HEARINGS, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

## **ORDER**

This matter is before the Court on Plaintiff Crystal Nicole Kuri's Motion to Proceed without Prepayment of Fees (**ECF No. 3**), and her Motion to Appoint Counsel (**ECF No. 4**). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 3**) is **GRANTED**, and Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

### I.   Motion to Proceed Without Payment of Fees

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

otherwise.'"[2]  After careful review of Plaintiff's attached affidavit of financial resources (ECF Nos. 3-1 and 3-2, sealed), and the comparison of her monthly income to her monthly expenses, the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3) is GRANTED.**  Although service of process would normally be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service of process** pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 6).[3]

## II.    Motion for Appointment of Counsel

There is no constitutional right to counsel in a civil action.[4]  An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[5] including: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel.  Additionally, as in all federal cases, the law requires the plaintiff to state a viable claim for relief and the court must have subject matter

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[4] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[5] 979 F.2d 1417, 1420-21 (10th Cir. 1992).

jurisdiction over that claim.  In consideration thereof, thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[6]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff.  Plaintiff has satisfied the first prong of the *Castner* analysis—her inability to afford counsel—through the financial affidavits provided with her motion to proceed *in forma pauperis* (ECF Nos. 3-1 and 3-2, sealed).  Additionally, she fulfilled the second prong of the analysis—diligence in searching for counsel—by producing the names of six attorneys whom she contacted about the case, along with a description of her efforts to obtain representation.  But despite meeting these initial requirements, the Court finds she cannot meet the third prong of analysis, as the Court has serious concerns regarding its ability to adjudicate Plaintiff's claims.  Simultaneously with this order, the Court recommends this case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(iii) as seeking relief from defendants who are immune from suit, and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).  Under the circumstances, the request for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of May 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[6] *Id.* at 1421.