### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CRYSTAL NICOLE JONES,** *aka* **Chrystal Nicole Kuri,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 18-2173-CM-GEB |
| **OFFICE OF ADMINISTRATIVE HEARINGS, et al.,** ) ) ) ) | |
| **Defendants.** ) ) | |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 5.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

## Background[2]

Plaintiff files this action after having her nursing license revoked. Although her statement of claim itself is nearly devoid of any alleged facts, her pro se Complaint (ECF No. 1) includes more than 40 pages of attachments (ECF No. 1-1) from which the Court gleans some bases for her claims. In January 2015, Plaintiff worked as a nurse at the Matrix Center, a drug addiction clinic in Wichita, Kansas that treats its patients with methadone. Matrix terminated her employment on January 29, 2015, after a positive drug test revealed she had methadone in her system. The circumstances of her termination are disputed. Matrix contends, based on complaints of patients and the day's drug counts, that Plaintiff shorted the patients' prescriptions to use the methadone for herself. Plaintiff argues her coworkers, unbeknownst to her, laced her food with methadone.

After Plaintiff's termination, the Kansas State Board of Nursing ("Board") investigated. Although a drug and alcohol evaluation recommended no treatment for Plaintiff, and her own physician allegedly stated she was safe to resume nursing, the Board referred her to the Kansas Nurse Assistance Program ("KNAP") for one year of monitoring. Plaintiff refused to participate in KNAP monitoring. An evidentiary hearing was held before the Board to determine the future of her nursing license. The Board, through Presiding Officer/Administrative Law Judge Sandra L. Sharon, found Plaintiff violated the Kansas Nurse Practice Act, and granted the Board's petition to revoke her license on May 23, 2017 (ECF No. 1-1, at 27).

---

[2] Unless otherwise noted, the information recited in this section is taken from Plaintiff's Complaint (ECF No. 1) and the documents attached to the Complaint, or from documents filed on the Court's Electronic Filing System. This background information should not be construed as judicial findings or factual determinations.

Plaintiff petitioned the Board for a review of the hearing officer's decision, and the Board denied the request for lack of merit on June 12, 2017 (ECF No. 1-1, at 31). Within days, Plaintiff sought reconsideration of the Board's denial, and again the Board determined her request lacked merit (ECF No. 1-1, at 37). Plaintiff did not appeal the issue to the District Court, as provided in the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*

However, it appears Plaintiff may have attempted to seek review of the Board's decision from multiple other jurisdictions, including the United States Supreme Court; the National Council of State Boards of Nursing ("NCSBN"); a Judicial Ethics Committee; the American Civil Liberties Union; and the Civil Rights Department of Health and Human Services (*see* ECF No. 1-1, at 22, 24). She also disputed the reporting of her license revocation in the National Practitioner Data Bank (ECF No. 1-1, at 39-43). Her petition to the Supreme Court was denied on June 6, 2017; the outcome of any other petition cannot be found in the documents attached to the Complaint.

In September 2015, Plaintiff filed suit in this federal court against the Matrix Center and certain Matrix employees, claiming her coworkers poisoned her with methadone.[3] In No. 15-9293-JAR-GEB, the Court granted Defendants' motion to dismiss, finding the Court lacked jurisdiction over Plaintiff's state law claims.[4]

In this current action, Plaintiff claims the Board, apparently through the Office of Administrative Hearings and the initial decision by Presiding Officer Sandra L. Sharon, denied her due process under the equal protection clause and the Fourteenth Amendment of

---

[3] *Kuri v. Matrix Center, et al.*, No. 15-9293-JAR-GEB (D. Kan. filed Sep. 29, 2015; closed Feb. 9, 2016).
[4] *Id.* at ECF No. 29.

the U.S. Constitution. She seeks reinstatement of her LPN license and damages for emotional distress and defamation of character in the amount of $77,000.

**Analysis**

As recited above, although Plaintiff has been permitted to proceed with her case in forma pauperis under 28 U.S.C. § 1915(e)(2), this statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction."[5] Utilizing these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal.

Because Plaintiff proceeds pro se, her pleadings must be liberally construed.[6] However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[8] The Court also cannot "construct a legal theory on plaintiff's behalf."[9]

After thorough review of Plaintiff's claims and applicable law, it appears her claims are barred by the Eleventh Amendment. The only named defendants in this action are the

---

[5] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[9] *Gilbert v. State of Kansas*, No. 02-4164-SAC, 2003 WL 21939772, at *1 (D. Kan. July 17, 2003) (quoting *Hall,* 935 F.2d at 1110).

Office of Administrative Hearings (OAH) and Sandra L. Sharon, an Presiding Officer with the OAH. The OAH is a state agency which "employs administrative judges and other support personnel to conduct proceedings for many Kansas state agencies . . . pursuant to the Kansas Administrative Procedures Act (KAPA) and other state statutes."[10]

But "[t]he United States Supreme Court repeatedly has held that the Eleventh Amendment bars suits against a state by its own citizens."[11] This absolute immunity applies not only to the state itself, but to state agencies.[12] "When the state itself is a named defendant, the Eleventh Amendment bar operates regardless of the legal or equitable nature of the relief sought."[13]

Because Plaintiff claims a deprivation of her constitutional rights, her claims appear to arise under 42 U.S.C. § 1983. Although the state's immunity can be waived if done so unequivocally, the State of Kansas has not explicitly done so, and "Congress expressed no such intention in its enactment of 42 U.S.C. § 1983."[14] Additionally, the law is well-settled that the state "and its agencies are not 'persons' and thus cannot be sued under section 1983."[15] Consequently, the Eleventh Amendment prevents Plaintiff's claims under 42

---

[10] Kansas Office of Administrative Hearings, https://www.oah.ks.gov/Home/About (last visited May 23, 2018).

[11] *Kiley v. Lord*, No. 11-2516-KHV, 2012 WL 3066394, at *5 (D. Kan. July 26, 2012) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Missouri v. Fiske*, 290 U.S. 18, 28 (1933)).

[12] *Id.* (citing *Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981)).

[13] *Gilbert v. State of Kansas*, No. 02-4164-SAC, 2003 WL 21939772, at *1–2 (D. Kan. July 17, 2003) (citing *Hensel v. Office of Chief Administrative Hearing*, 38 F.3d 505, 509 (10th Cir. 1994)).

[14] *Kiley*, 2012 WL 3066394, at *5 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 & n. 13 (10th Cir. 1998)).

[15] *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *see also Davis v. State of California*, No. 18-3013, 2018 WL 2120279, at *1 (10th Cir. May 8, 2018); *Gilbert*, 2003 WL 21939772, at *1–2 (citing *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995)).

U.S.C. § 1983 against OAH, so the Court lacks subject matter over her claims and it would be futile allow her to amend.[16]

Regarding Plaintiff's claims against Presiding Officer Sandra L. Sharon, the "Supreme Court has long held that state officials acting in their official capacities are not 'persons' under 42 U.S.C. § 1983."[17] The Court reasons that "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office."[18] Although Plaintiff does not explicitly state as much, it appears from the Complaint that the claims lodged against Ms. Sharon are in her official capacity as a hearing officer only. Therefore, just as the OAH defendant is immune from suit as a state entity, the claims against Ms. Sharon in her official capacity must be dismissed for lack of subject matter jurisdiction.[19]

After careful review of her claims, and being mindful that Plaintiff proceeds on a pro se basis, the Court finds both Defendants are immune from suit under the Eleventh Amendment. Because both Defendants are immune from suit, Plaintiff has failed to allege a basis for this Court to assume jurisdiction over her claims.

**IT IS THEREFORE RECOMMENDED** that this case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(iii) as seeking relief from defendants who are immune from suit, and therefore for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

---

[16] *Gilbert*, 2003 WL 21939772, at *1 (finding it "futile to give the plaintiff an opportunity to amend").
[17] *Kiley*, 2012 WL 3066394, at *5 (citing *Will*, 491 U.S. at 71).
[18] *Id.* (citing *Will*, 491 U.S. at 67).
[19] *Id.*

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[20]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 23rd day of May 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[20] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).