**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CRYSTAL NICOLE JONES,
*aka* Crystal Nicole Kuri,

      **Plaintiff,**

      v.

OFFICE OF ADMINSTRATIVE HEARINGS,
et al.,

      **Defendant.**

Case No. 18-2173-CM-GEB

## MEMORANDUM AND ORDER

This court referred the following case to United States Magistrate Judge Gwynne E. Birzer, who issued a report and recommendation, and an order pertaining to plaintiff's case. Judge Birzer filed the report and recommendation on May 28, 2018, and she recommended that the court dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(iii) as seeking relief from defendants who are immune from suit. Judge Birzer also filed an order on May 28, 2018, denying plaintiff's motion to appoint counsel. Plaintiff timely filed an objection to Judge Birzer's report and recommendation and order denying appointment of counsel. Plaintiff also filed a motion to proceed with trial.

**I. Background**

The following facts are taken primarily from the documents attached to plaintiff's complaint. Plaintiff's complaint contains very few factual allegations, so the court refers to the exhibits to understand the background of this case. The facts recited below are generally not critical to the resolution of this case, and are provided primarily for context. They should not be construed as judicial findings or factual determinations.

Plaintiff is a resident of Wichita, Kansas. Plaintiff was a licensed practical or vocational nurse ("L.P.N."). Defendants are the Office of Administrative Hearings ("OAH") and Sandra L. Sharon, a Presiding Officer with OAH.

In January 2015, plaintiff was employed as a dispensing nurse at Matrix Center, a methadone clinic for opioid addiction. During the early morning of January 26, 2015, plaintiff was reported to have been working at an "extremely slow pace." As a result, the owner/manager of the facility, Steve Kuma, decided to drug test all staff members. Plaintiff tested positive.

On January 29, 2015, plaintiff took a second drug test and tested positive for methadone and barbiturates. Plaintiff was prescribed barbiturates, but not methadone. That same day, several patients of the facility reported that their prescriptions for methadone were short. It was suspected—but not confirmed—that plaintiff shorted these patient's prescriptions.

Plaintiff argues she tested positive for methadone because Matrix employees poisoned her when they bought her lunch on January 22, 2015. After these events, plaintiff's employment with Matrix was terminated.

Following plaintiff's termination, these events were reported to the Kansas State Board of Nursing ("Board"). After its own investigation, the Board referred plaintiff to the Kansas Nurse Assistance Program ("KNAP"). KNAP recommended that plaintiff participate in a one-year monitoring program, but plaintiff refused. As a result, KNAP petitioned to revoke plaintiff's license for violating K.S.A. § 65-1120(a)(7) and K.A.R. § 60-3-10(s).

On April 26, 2017, the Board conducted a hearing about this matter pursuant to K.S.A. § 77-536. OAH appointed Ms. Sharon to preside over the hearing. Ms. Sharon granted the Board's petition to revoke plaintiff's license to practice nursing on May 23, 2017.

Following this hearing, plaintiff filed multiple petitions, all of which were denied. Plaintiff may have also attempted to seek review of the Board's decision from multiple other jurisdictions. Plaintiff is now before this court, claiming that OAH and Ms. Sharon denied her due process and equal protection rights under the Fourteenth Amendment. Plaintiff also claims emotional distress and defamation of character. Plaintiff requests $77,000 and reinstatement of her nursing license.

## II. Standard of Review

Judge Birzer granted plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2), which requires a court to examine the pleadings for merit when determining plaintiff's financial ability to pursue the action. The authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Additionally, Fed. R. Civ. P. 12(h)(3) requires the court to dismiss a case if it lacks subject matter jurisdiction.

Because plaintiff proceeds pro se, the court liberally construes her pleadings. *Perkins v. Kan. Dep't of Corr'ns*, 165 F.3d 803, 806 (10th Cir. 1999). Nevertheless, plaintiff still bears the burden to allege sufficient facts on which a recognized legal claim could be based. *Id.* Moreover, this court cannot construct arguments, search the record, or construct legal theories on behalf of plaintiff. *Id.* The dismissal of a pro se complaint is proper only when it is obvious that the plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend. *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997).

## III. Analysis

### A. Appointment of Counsel

Plaintiff first asks this court to review an order of Magistrate Judge Birzer in which Judge Birzer denied plaintiff appointment of counsel for this case. An order on a motion for appointment of counsel is a nondispositive order, and the court therefore reviews it under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

The court has reviewed Judge Birzer's order, and determines that it both appropriately identifies the governing law and applies that law. Judge Birzer reasonably applied the factors of *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) and recognized that there is no constitutional right to appointed counsel in civil actions. Further, there is no indication that denial of counsel in this case would be fundamentally unfair. The court therefore overrules plaintiff's objection to Judge Birzer's order.

**B. Report and Recommendation**

Plaintiff also asks this court to review a report and recommendation of Magistrate Judge Birzer in which she suggested that this court lacks subject matter jurisdiction because defendants are immune from suit pursuant to the Eleventh Amendment. Plaintiff objected, arguing that defendants violated her due process and equal protection rights and she suffered defamation and emotional distress. After review, the court determines that the court lacks subject matter jurisdiction because plaintiff's claims are barred by the Eleventh Amendment.

The Eleventh Amendment grants states absolute immunity from suits brought by individuals in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Moreover, the immunity provided to states under the Eleventh Amendment applies equally to state agencies. *Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981). And it applies to state officials acting in their official capacities because courts interpret a suit against an individual official as a suit against the official's office. *Id.* A state may waive its Eleventh Amendment immunity, but only when stated "by

the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Id.*

In this case, plaintiff is likely seeking relief under 42 U.S.C. § 1983 against the OAH and Ms. Sharon. However, OAH is a state agency, and is therefore granted immunity by the Eleventh Amendment, unless the immunity was waived by the state. Ms. Sharon is a state official, appointed by the Board, and is also granted immunity by the Eleventh Amendment, unless the immunity was waived by the state. The State of Kansas has not waived immunity for a state agency or officials of that agency as applied to claims under 42 U.S.C. § 1983. *Gilbert v. Kan.*, No. 02-4164-SAC, 2003 WL 21939772, at 1* (D. Kan. July 17, 2003). Therefore, this court lacks subject matter jurisdiction over this matter because plaintiff is barred by the Eleventh Amendment from filing suit against OAH and Ms. Sharon.

### C. Motion to Proceed with Trial

Plaintiff filed a motion to proceed with trial in conjunction with her memorandum objecting to Judge Birzer's recommendation for dismissal. This court, however, lacks subject matter jurisdiction over this case because it is barred by the Eleventh Amendment, as discussed above. Therefore, plaintiff's motion to proceed with trial is denied.

**IT IS THEREFORE ORDERED** that the Report and Recommendations (Doc. 6) filed May 23, 2018, is adopted in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed With Trial (Doc. 8) and Appeal of Magistrate Judge Decision to District Judge: Motion for Appointment of Counsel filed May 29, 2018 (Doc. 9) are denied.

**IT IS FURTHER ORDERED** that the case is closed. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants.

Dated this 23rd day of July, 2018, at Kansas City, Kansas.

                                                         **s/ Carlos Murguia**
                                                         **CARLOS MURGUIA**
                                                         **United States District Judge**